UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NORMAN MAPES                                                    CIVIL ACTION

VERSUS

JAMESON BISHOP, ET AL                                           NO. 03-67-RET

**RULING ON MOTION FOR RECONSIDERATION TO RECUSE DUE TO HIGHLY UNUSUAL CIRCUMSTANCES THAT WAS NOT AVAILABLE EARLIER**

This matter is before the court on a Motion For Reconsideration to Recuse Due to Highly Unusual Circumstances That Was Not Available Earlier (Doc. No. 53) filed by plaintiff, Norman Mapes. The defendants, Jameson Bishop, Patrick Wennemann, Ken Stelly, and the City of Baton Rouge, have not filed opposition. Jurisdiction is allegedly based on federal question, 28 U.S.C. § 1331. There is no need for oral argument.

On August 17, 2005, the Court denied plaintiff's Motion for Recusal, wherein plaintiff sought to have this judge removed from this action. Plaintiff now seeks reconsideration.

Although the Federal Rules of Civil Procedure do not particularly recognize the "motion for reconsideration," district courts will often accept such motions as being in the interest of substantial justice.[1] The Fifth Circuit has held that a motion to reconsider a dispositive pre-trial motion is analogous to a motion to "alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Rule

---

[1] **Baustian v. State of Louisiana,** 929 F.Supp. 980, 981 (E.D. La. 1996).

Doc#1914

60(b).[2] A motion for reconsideration is considered a Rule 59(e) motion if it is served within ten (10) days of the court's ruling and a Rule 60(b) motion if it is served more than ten (10) days after the court's ruling.[3] In this case, plaintiffs' motion for reconsideration was filed on March 6, 2008, which was well beyond the ten day window following the court's August 17, 2005 ruling on the motion for recusal. Therefore, Rule 60(b) governs plaintiffs' motion.

A Rule 60(b) motion is governed by more exacting substantive requirements than a Rule 59(e) motion.[4] Under Rule 60(b), the court will grant relief from a final judgment or order only upon a showing of one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

The burden of establishing at least one of these reasons is on the moving party, and the determination of whether that burden has been met rests within the discretion of the court.[5] A ruling, therefore, 'should only be reconsidered where the moving party has presented

---

[2] See **Baustian,** 929 F. Supp. at 981.

[3] See **Id.** Effective December 1, 2009, the deadline for filing a Rule 59 motion was amended to twenty-eight days after entry of judgment. See Fed. R. Civ. P. 59(b). However, because the judgment and subsequent motion to reconsider were all filed prior to December 1, 2009, the ten-day deadline is applicable.

[4] See **Id.**

[5] See **Resolution Trust Corp. v. Holmes**, 846 F.Supp. 1310, 1314 (S.D.Tex.1994).

substantial reasons for reconsideration.'[6] "[R]evisiting the issues already addressed 'is not the purpose of a motion to reconsider,' and 'advancing new arguments or supporting facts which were otherwise available [when the original motion was filed]' is likewise inappropriate."[7]

The court finds that plaintiff has failed to satisfy his burden of establishing a permissible reason for relief from the judgment pursuant to Rule 60(b). A motion to reconsider based on recycled arguments only serves to waste the resources of the court.[8] The court finds that with this motion for reconsideration, plaintiff only reiterates his prior arguments along with new arguments which were available when the original motion was filed. After reviewing plaintiff's motion, the court concludes that plaintiff has not presented substantial reasons for reconsideration pursuant to Rule 60(b). Accordingly,

IT IS ORDERED that plaintiff's Motion for Reconsideration is DENIED.

Baton Rouge, Louisiana, this 2nd day of June, 2011.

*[signature]*
RALPH E. TYSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[6] **Louisiana v. Sprint Communications Co.,** 899 F.Supp. 282, 284 (M.D. La. 1995).

[7] See **Van Skiver v. United States,** 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992).

[8] **State of Louisiana v. Sprint Communications Co.,** 899 F.Supp. 145 (M.D. La. 1995).